# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO WESTERN DIVISION AT DAYTON

DEREK M. SAUNDERS,

Plaintiff, : Case No. 3:06-cv-002

District Judge Thomas M. Rose
Chief Magistrate Judge Michael R. Merz

-vs-

:

TAMARA LEWIS, et al.,

Defendants.

---

**REPORT AND RECOMMENDATIONS; ORDER TO CLERK**

---

This action is before the Court for review prior to issuance of process. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2) as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint

is "frivolous," that is, the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact?

It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324*; McGore v. Wrigglesworth*, 114 F. 3d 601 (6th Cir. 1997); *Franklin v. Murphy*, 745 F. 2d 1221, 1226 (9th Cir. 1984). The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d at 349. Dismissal is permitted under §1915(e) only "if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985), disagreed with by *Walker v. Mintzes*, 771 F. 2d 920 (6th Cir. 1985); *Brooks v. Seiter*, 779 F.2d 1177 (6th Cir. 1985).

Plaintiff brought this action to complain of actions against him or omissions affecting him while he was an inmate at the Montgomery Education and Pre-Release Center ("MEPRC") in Dayton, Ohio, from August 1, 2003, through March 25, 2004 (Complaint, Doc. No. 2 at ¶22.) Mr. Saunders claims arise from his complaints about smoking at the MEPRC in violation of institutional rules and cheating in Sinclair Community College classes occurring at MEPRC. He has sued Tamara Lewis, Darlene Williams, Curtis Wingard, Reginald Wilkinson, Stephen Lee Johnson, Karla Williams, Jackie Walker, Jennifer Hudnal, Gloria Robinson, Wanda May, Yvette Ford, Stephanie Lee, Michael Mockabee, Jeffrey Penic, Alan Mattingly, Randall Larkin, Howard Kamen, and Robert Harley. Each is sued individually and in his or her official capacity as an employee of the State of Ohio, except that Stephen Johnson is sued as President of Sinclair Community College.

Mr. Saunders makes the following specific allegations against particular Defendants:

1. Warden Wingard placed Plaintiff in segregation when he knew Plaintiff had done nothing wrong on an unspecified date (Complaint, Doc. No. 2 at ¶ 1).
2. Warden Wingard and President Johnson knew of the cheating but did nothing about it. *Id*.
3. Robert Harley, the officer in charge of Mr. Saunders' housing unit, left his post at 9:00 p.m. on March 22, 2004, just before Mr. Saunders was beaten by inmates. *Id*.
4. On or about August 16, 2003, Plaintiff observed Corrections Officer Tamara Lewis smoking. When he complained about it, she "verbally assaulted [him] with obscenities. *Id*. at ¶ 25.
5. During September, October, November, and December, 2003,[1] Officer Lewis and Warden Wingard told Plaintiff to stop making trouble in response to his written complaints about smoking. *Id*. at ¶ 30.
6. In November, 2003, Mr. Saunders told Defendants Wingard, Williams, and Johnson about the cheating.
7. In December, 2004, the Warden advised Plaintiff he was allowed to tell corrections officers to put out cigarettes without threat of repercussions.
8. During the Hannukah holiday in 2003, Tamara Lewis conducted a purportedly random search of Mr. Saunders' cell, "literally ripping things apart," including a picture of a menorah. *Id*. at ¶ 33.
9. On March 22, 2004, at 7:00 p.m. Plaintiff was brought to the Captain's office. The Captain (otherwise unidentified), the assistant to the Warden (otherwise unidentified), Rochelle Jones, and other unnamed officers were present. "They joked that [Plaintiff] should go into segregation for his own safety, but never seemed serious." Two hours later Defendant Harley left his post and Plaintiff was beaten by two other inmates. Unnamed staff members

[1]The Complaint says "2004," but that is an obvious typographical mistake, given the surrounding dates and Plaintiff's release in March, 2004.

refused to take Plaintiff to the hospital until hours later.

**Analysis**

The Court finds the following deficiencies in the Complaint.

Plaintiff brings this action under 42 U.S.C. §1983. (Complaint, Doc. No. 2 at ¶¶ 2, 42.) The statute of limitations for claims under §1983 is two years. Ohio Revised Code §2305.10; *Browning v. Pendleton*, 869 F. 2d 989 (6th Cir. 1989)(*en banc*). The Complaint in this case was filed on January 4, 2006. Therefore any acts alleged to have been committed before January 5, 2004, are barred by the statute of limitations. That includes the allegations made against Tamara Lewis in ¶25; the allegations against Lewis and Wingard in ¶ 30; the allegations against Wingard, Williams, and Johnson for doing nothing about the cheating in November-December, 2003 (¶¶ 31-32); the allegations against Lewis relating to Hannukah, 2003 (¶33); and the allegations against Lewis' supervisor, Gloria Robinson, in ¶ 34. All of these allegations should be dismissed with prejudice.

Suits against State of Ohio employees in their official capacities are suits against the State of Ohio; suit against Stephen Johnson in his official capacity is a suit against Sinclair Community College, which is directly created by Ohio statute and is therefore an arm of the State of Ohio. The Eleventh Amendment to the United States Constitution provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State.

It was adopted to overrule the very unpopular decision in *Chisholm v. Georgia*, 2 Dall. 419 (1793). It has been construed to bar suits against a State by its own citizens. *Papasan v. Allain*, 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); *Hans v. Louisiana*, 134 U.S. 1, 10 S. Ct. 504,

33 L. Ed. 2d 840 (1890); *Edelman v. Jordan*, 415 U.S. 651, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Florida Dep't. of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 102 S. Ct. 3304, 73 L. Ed. 2d 1057 (1982). The Amendment also bars actions against state agencies where the State is the real party in interest and the action seeks to recover money from the state treasury. *Estate of Ritter v. University of Michigan*, 851 F. 2d 846, 848 (6th Cir. 1988); *Ford Motor Company v. Dep't. of Treasury of State of Indiana*, 323 U.S. 459, 65 S. Ct. 347, 89 L. Ed. 2d 389 (1945); *Quern v. Jordan*, 440 U.S. 332, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979).

Application of the Eleventh Amendment in a suit against a public agency turns on whether the agency can be characterized as an arm or alter ego of the State, or whether it should be treated instead as a political subdivision of the State. *Hall v. Medical College of Ohio at Toledo*, 742 F. 2d 299, 302 (6th Cir. 1984)(citing *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977)). This bar against suit also extends to state officials acting in their official capacities. K*entucky v. Graham*, 473 U.S. 159, 167, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).

Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. 1983. *Cowan v. University of Louisville School of Medicine*, 900 F. 2d 936, 940-41 (6th Cir. 1990)(citing *Quern v. Jordan*, 440 U.S. at 341.)

Therefore all the claims against all the Defendants in their official capacities are barred by the Eleventh Amendment and should be dismissed without prejudice for lack of jurisdiction.

The only Defendants who are alleged to have done anything wrong with respect to Mr. Saunders within the time governed by the statute of limitations are Corrections Officer Lewis and Harley; all the other allegations of misconduct against staff in the Complaint are against unnamed staff – no effort has been made to tie the names of any particular named Defendant to any of the allegations within the statute of limitations except for Lewis and Harley.

Therefore, it is respectfully recommended that:

1. All claims dated before January 4, 2004, be dismissed with prejudice;

2. All claims against all Defendants in their official capacities be dismissed without prejudice for lack of jurisdiction; and

3. All claims against all Defendants in their individual capacities other than Lewis and Harley be dismissed without prejudice for failure to state a claim upon which relief can be granted.

When the Plaintiff submits appropriate summons form for Defendants Lewis and Harley, the Clerk may issue them and deliver them for service to the Marshal if the Plaintiff furnishes the appropriate USM Form 185. No other process shall be issued in this case without prior permission of the Court.

January 5, 2006.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).