# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEREK M. SAUNDERS,

      Plaintiff,       :      Case No. 3:06-cv-002

      -vs-                   Chief Magistrate Judge Michael R. Merz

                                      :

TAMARA LEWIS, et al.,

      Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS TO COMPEL AND FOR APPOINTMENT OF COUNSEL**

---

This case is before the Court on Plaintiff's Motions to Compel Defendant Tamara Lewis to submit to a full gynecological examination and "full body mapping" and for appointment of counsel (Doc. Nos. 24, 25).

With respect to appointment of counsel, the Court previously referred this case, at Plaintiff's requests, to the Volunteer Lawyers' Project of the Dayton Bar Association for consideration of appointment of counsel and stayed the proceedings pending that determination (Doc. No. 7). When the VLP was unable to find counsel to represent Plaintiff, the Court dissolved the stay and denied the request for appointed counsel. Plaintiff has now renewed that request.

The Court certainly appreciates the difficulty any litigant has in proceeding in federal court without the assistance of counsel. It is for that reason that the Court through all of its Dayton Judges encouraged and supported creation of the VLP. However, a federal court cannot compel an attorney to represent a client without compensation or on a contingent fee basis. *Mallard v. United States District Court for the Southern District of Iowa,* 490 U.S. 296 (1989). Moreover, while Congress

has given the courts authority to appoint counsel for indigent civil litigants, it has never provided any funding to pay such appointed counsel. Thus the only resource the Court has for obtaining counsel is the VLP. In this case, since the VLP has already rejected the case, the renewed Motion for Appointment of Counsel is denied.

Plaintiff also seeks to compel Defendant Tamara Lewis to submit to a full gynecological examination and full body mapping photography. The Court has authority under Fed. R. Civ. P. 35 to order a medical examination of any party upon a showing of good cause. However, Plaintiff has not shown good cause. Under Fed. R. Civ. P. 26, the scope of discovery is limited to matter which is relevant to the claims or defenses of any party. Plaintiff claims in his Motion that the proposed examination is relevant because it could conceivably show that Defendant Lewis persisted in smoking in his presence to retaliate against him for refusing to have sex with him. There is absolutely no allegation in the Complaint that Defendant Lewis in any way expressed any interest in sexual contact with Plaintiff or with any other inmate. Thus even assuming (which the Court doubts) that a "full gynecological examination" could produce evidence of a woman's sexual activity with certain persons during a limited period of time which is now more than two years in the past, such information would not be relevant to any of the claims or defenses made in this case.

Plaintiff also seeks the names and current known contact information for all inmates who were at the Montgomery Education and Pre-Release Center during his incarceration. He avers that "[t]hey are all potential witnesses and victims of activities; including sexual contact and the repeated attempted murder through second-hand smoke." Defendant has objected to this request on the grounds that it is "irrelevant, overbroad, [seeks] confidential [information], and unduly burdensome." Plaintiff filed his Motion to Compel without complying with Fed. R. Civ. P. 37 which requires that parties attempt to resolve discovery disputes among themselves, and certify those efforts to the Court, before a motion to compel is filed. Therefore this branch of the Motion is

denied without prejudice to its renewal after Plaintiff and Defendants' counsel have consulted. To assist the parties in attempting to reach agreement, the Court agrees that a request for all inmates who were present during Plaintiff's incarceration is overbroad in that only witnesses to the actions of Defendants Lewis and Harley would have relevant testimony to give. Conversely, the Court will want to see from Defendants' counsel any authority for the proposition that current contact information on potential witnesses in a federal case is somehow confidential.

December 29, 2006.

                    s/ Michael R. Merz
                  Chief United States Magistrate Judge